**032·15**

NO. 14-13-01043-CR

ORIGINAL

TO THE OF CRIMINAL APPEALS OF TEXAS

\* \* \* \* \* \*

TONY MERLOS,               APPELLANT

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 20 2015

Abel Acosta, Clerk

V.

THE STATE OF TEXAS,      APPELLEE

\* \* \* \* \* \*

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ON Appellant's Petition for Discretionary Review
TO THE Fourteenth Court of Appeals NO. 14-13-01043-CR
Affirming CONViction IN CAUSE NO. 2011R-0105
From the 155th District court
   Austin County, Texas
Trial Court Cause NO. 2011R-0105

FILED IN
COURT OF CRIMINAL APPEALS

FEB 23 2015

Abel Acosta, Clerk

TONY MerLos
TDCJ NO. 01886890
John M. WyNNE Unit
810 FM 2821
Huntsville Tx, 77349
Pro SE

1.

# TABLE OF CONTENTS

Table of contents

Index of Authorities

Statement of the case

Listing of Parties

Preliminary Statement of Facts

Reason for Review

Prayer for Relife

# TABLE OF AUTHORITIES

cases

Statues

Miscellaneous

3.

TONY MERLOS

v.

The State of TEXAS.

\* \* \* \* \* \* \* \*

APPELLANT'S PETITION FOR DISCRETIONARY
REVIEW

\* \* \* \* \* \* \* \*

TO THE HONORABLE COURT OF APPEALS:

Comes Now TONY MERLOS, Appellant and Respectfully urges
This court to Grant discretionary review in this case.

## STATEMENT of THE CASE

This is AN Appeal from A conviction For TONY MERLOS. The
Jury found Appellant Guilty and assessed His
Punishment At Life _____ years confinement in the Texas
Department of Criminal Justice - Institutional Division
And A Fine of $ O .

Statement of the Procedural History of The case
The court of Appeals rendered its decision and delivered it's
written Published/unpublished Opinion on November 25, 2014 .
No Motion for Rehearing was filed. The Deadline for filing A
Petition for Discretionary Review is February 24, 2015.

STATEMENT DECLINING/REQUESTING ORAL ARGUMENT
Oral Argument of this case Is/Is Not Requested on Behalf of Appellant.

4.

## QUESTION for REVIEW

TEXAS Rule of Appellant Procedure 66.3 (A) The court of Appeals hAS rendered a decision iN conflict with a decision of A court of Appeals oN the sAme MAtter.

OR

TEXAS Rule of Appellant Procedure 66.3 (A) The court of Appeals had decided an Important Question of state LAw which should be settled by the court of criminal Appeals.

## PRAYER FOR RELIEF

Appellant Prays that Appellant's for Discretionary Review be Granted; that this case be Submitted to the court; That the Court of Appeal's decision be reversed And Appellant's conviction Be set aside and the cAse Remanded to the District court for a New trial.

Respectfully Submitted

TONY MERLOS

TDCJ NO. 01886890

John M. WYNNE UNIt

810 FM 2821

Huntsville TX, 77349

PRO SE

x Tony Merlos



In The

## Fourteenth Court of Appeals

---

### NO. 14-13-01043-CR

---

### TONY MERLOS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 155th District Court**
**Austin County, Texas**
**Trial Court Cause No. 2011R-0105**

---

### M E M O R A N D U M   O P I N I O N

Appellant Tony Merlos appeals his conviction for indecency with a child. *See* Tex. Penal Code Ann. § 21.11 (West 2011). In a single issue, appellant argues that the evidence was legally insufficient to establish the elements of the conviction. We affirm.

### BACKGROUND

Angela Purchase, the complainant's aunt, was living with her sister, Rachel Purchase, the complainant's mother; appellant; and four children, including the

complainant. Angela testified that although appellant and Rachel were married, appellant had his own bedroom on one side of the house, and Rachel and Angela stayed in rooms with their children on the opposite side. Appellant often invited the complainant into his room, but would not allow his son into his bedroom.

On the date of the offense, Angela, Rachel, and the other children were outside, but the complainant was not with them. Angela went into the house to find the complainant and saw appellant's bedroom door closed. Angela opened the door and saw appellant and the complainant on the bed. When she walked in, appellant jumped up with his pants and underwear down to his ankles, and the complainant pulled her hands back. When appellant jumped out of the bed his penis was erect. Appellant and the complainant were lying down on the bed under the bed covers, but Angela testified that when she walked in the room the complainant's hands were around appellant's penis. Angela admitted on cross-examination that she did not see the complainant touch appellant's penis, but saw the complainant pull her hands away when Angela entered the room. Angela told Rachel about what she had seen, and expected Rachel to call the police. Rachel did not call the police because she was afraid of appellant. Approximately two weeks later Angela reported the abuse to the police.

Rachel Purchase Taylor[1] testified that she was giving the complainant a bath one day when appellant walked into the bathroom. Rachel asked appellant why he had come into the bathroom, and appellant responded, "the temptation was always there." This incident caused Rachel to have concerns about appellant's relationship with the complainant. When Rachel discussed leaving the marriage, appellant threatened her saying he would seek custody of the complainant. Rachel described another incident in which she tried to leave with the complainant and her son, but appellant followed her, and physically removed the complainant from Rachel's car. Rachel moved back into

---

[1] Between the time of this incident and the trial Rachel remarried.

2

appellant's house after this incident because she thought it was the only way to stay with her child.

After the report of abuse, law enforcement officers accompanied Rachel and the complainant to the house to retrieve their belongings. When officers arrived, appellant told them that he had been molested by family members as a child. Appellant also said he suspected the officers were there to look into the complainant being molested by him. Appellant's statements were spontaneous and not in answer to any questions by the officers.

Appellant introduced video of a forensic interview with the complainant. Using a drawing, the forensic interviewer asked the complainant whether anyone had touched her in inappropriate places or whether she had seen someone's private parts. The complainant answered "no" to each of the questions.

To rebut the defensive theory that Angela fabricated the accusation in retaliation for being asked to leave the house, the State introduced evidence of two prior convictions in Indiana for child molestation and sexual misconduct with a minor.

The jury found appellant guilty and assessed punishment, enhanced by the two prior convictions, at life in prison.

## SUFFICIENCY OF THE EVIDENCE

Appellant contends that the evidence presented at trial was legally insufficient to establish that appellant, with intent to gratify his sexual desire, intentionally or knowingly engaged in sexual contact with the complainant. We disagree.

### A. Standard of Review

We review the sufficiency of the evidence establishing the elements of a criminal offense for which the State has the burden of proof under the single legal sufficiency standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979). *See Matlock v. State*, 392

3

S.W.3d 662, 673 (Tex. Crim. App. 2013); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences from it, whether any rational factfinder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011); *see also Jackson*, 443 U.S. at 319. The jury is the exclusive judge of the credibility of witnesses and the weight to be given to the evidence. *See Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We defer to the jury's responsibility to fairly resolve or reconcile conflicts in the evidence. *Id.* We draw all reasonable inferences from the evidence in favor of the verdict. *Id.*

### B. Applicable Law

The indictment alleged that appellant, "with the intent to arouse or gratify the sexual desire of said defendant, intentionally or knowingly engage[d] in sexual contact with [the complainant], a child younger than 17 years and not the spouse of the defendant, by causing the said [complainant] to touch the genitals of the defendant." *See* Tex. Penal Code § 21.11(a)(2)(A).

Appellant argues that there is no evidence of contact as required by the indictment. He argues that Angela did not see the complainant touching his penis, and that the complainant, in the forensic interview, denied any assault took place.

The specific intent required for the offense of indecency with a child may be inferred from a defendant's conduct, his remarks, and all of the surrounding circumstances. *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981). In a sufficiency review, any inconsistencies in the testimony should be resolved in favor of the jury's verdict. *Johnson v. State*, 815 S.W.2d 707, 712 (Tex. Crim. App. 1991).

4

Angela first testified that she saw the complainant with her hands around appellant's penis. On cross-examination Angela admitted that the complainant and appellant were covered on the bed, but that the complainant removed her hands and the appellant jumped out of the bed naked from the waist down with an erect penis.

The jury heard Angela's testimony and weighed her testimony against that of the complainant in the video as to whether the complainant was touching appellant at the time Angela walked in the room. The jury judged the credibility of the witnesses and reconciled conflicts in the testimony, and could have accepted or rejected any or all of the evidence on either side. *See Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999); *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

We conclude that when the evidence is viewed in the light most favorable to the verdict, the jury, as a rational trier of fact, could have determined that the complainant touched appellant's penis, and that appellant initiated that contact to arouse or gratify his sexual desire. We overrule appellant's sole issue and affirm the trial court's judgment.

/s/    William J. Boyce
       Justice

Panel consists of Justices Boyce, Jamison, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).

5